**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EVA B.,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-396**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

# REPORT AND RECOMMENDATION

Plaintiff, Eva B. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a supplemental security income ("SSI"). This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 9), Plaintiff's Reply (ECF No. 10), and the administrative record (ECF No. 7). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

## I. BACKGROUND

Plaintiff filed her SSI application in April 2024, alleging that she became disabled beginning August 11, 2016. (R. at 188–93.) After Plaintiff's application was denied initially and upon reconsideration, an Administrative Law Judge ("ALJ") held a telephonic hearing on May 27, 2025, at which Plaintiff, who was represented by counsel, appeared and testified. (*Id*. at 29–51.) A vocational expert ("VE") also appeared and testified. On June 10, 2025, the ALJ issued an

unfavorable determination, which became final on January 29, 2026, when the Appeals Council declined review. (R. at 12–28, 1–7.)

Plaintiff seeks judicial review of that unfavorable determination. She contends that the ALJ reversibly erred when evaluating medical opinion evidence. (Pl.'s Statement of Errors 8–12, ECF No. 8.) The undersigned concludes that this contention of error lacks merit.

## II. THE ALJ'S DECISION

The ALJ issued the unfavorable determination on June 10, 2025. (R. at 12–28.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since her April 15, 2024 application date. (*Id*. at 17.) At step two, the ALJ found that Plaintiff had the following severe medically determinable impairments: depressive disorder and anxiety disorder. (*Id*.) At step three, the ALJ found that Plaintiff did not

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

> 1. Is the claimant engaged in substantial gainful activity?
>
> 2. Does the claimant suffer from one or more severe impairments?
>
> 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
>
> 4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
>
> 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 17–18.)

The ALJ then set forth Plaintiff's residual functional capacity ("RFC")[2] as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember, and carry out simple and detailed, but not complex instructions; can have frequent interactions with supervisors, occasional interaction with coworkers, and no interaction with the public; and can tolerate occasional changes to routine work setting.

(*Id*. at 19.)

At step four, the ALJ determined that Plaintiff had no past relevant work. (*Id*. at 23.) The ALJ then relied on the VE's testimony at step five to determine that considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative jobs of cleaner, car detailer, and packager. (*Id*. at 23–24.) Accordingly, the ALJ determined that Plaintiff was not disabled as defined in the Social Security Act during the relevant time frame. (*Id*. at 24.)

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Although this standard "requires more than a mere scintilla of evidence, substantial evidence means only such

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations" "on a regular and continuing basis." 20 C.F.R. § 416.945(a)(1), (b)–(c).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Though the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr.-Frankfort v. Sec'y of Health & Hum. Serv.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

As explained above, Plaintiff contends that the ALJ committed reversible error when evaluating medical opinion evidence. (Pl.'s Statement of Errors 8–12, ECF No. 8.) Specifically, she challenges the ALJ's evaluation of an opinion from her therapist, LISW Cornett. The undersigned is not persuaded.

### A. The Evaluation of Medical and Other Types of Evidence

An ALJ's RFC determination must be "based on all the relevant evidence" in a claimant's case record. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations[3] describe five categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering those categories of evidence: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program s policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Although there are five factors, supportability and consistency are the most important, and an ALJ must explain how they were considered. *Id.* With regard to supportability "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[ ] . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1). For consistency, "[t]he more consistent a medical opinion[ ] . . . is with the evidence from other medical sources and

[3] Because Plaintiff's application was filed in 2024, it is subject to regulations governing applications filed after March 27, 2017.

nonmedical sources in the claim, the more persuasive the medical opinion[ ] . . . will be." 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2).

**B. LISW Cornett's Medical Opinion**

On April 22, 2025, LISW Cornett completed a medical source statement. (R. at 346–48.) In that check-box form, LISW Cornett marked that Plaintiff had moderate social interaction limits. (*Id*. at 346.) LISW Cornett marked that those moderate social interaction limits would not change even if Plaintiff had only minimal contacts or interactions with others. (*Id*.)

LISW Cornett also marked that Plaintiff had marked concentration and persistence and adaptation limits. (*Id*. at 347–48.) She marked that Plaintiff "was likely" to miss two or more partial or full workdays each month. (*Id*. at 348.) She marked too that Plaintiff's condition "was likely" to deteriorate under workplace stress and wrote that this was because "high stress has triggered extreme mania in [Plaintiff] as well as prolonged depressive episodes." (*Id*.)

**C. The ALJ's Analysis**

The ALJ summarized the checkbox form completed by LISW Cornett and determined that it was unpersuasive. (*Id*. at 22.) The ALJ wrote as follows:

> In a questionnaire prepared by the claimant's representative and completed by Lindsey Cornett, LISW., on April 22, 2025, the claimant was assessed with a range of moderate to marked limitations by checklist across a range of mental health functional ability (Exhibit 5F). Ms. Cornett narratively indicated that the claimant's "high stress has trigged extreme mania in [the claimant] as well as prolonged depressive episodes" (Exhibit 5F, page 4). Ms. Cornett further limited the claimant to 2 or more partial or whole day absences per month due to her conditions and/or side effect from medication, and that the claimant's "condition is likely to deteriorate if she is placed under stress, particularly the stress of an 8 hour per day, 5 day per week job" (Exhibit 5F, page 4). The undersigned finds this assessment unpersuasive. There is no objective evidence of record cited to support the extent of the allegations alleged. Indeed, the record was by and large unremarkable throughout the period at issue.

(*Id*.)

As the discussion above demonstrates, the ALJ determined that LISW Cornett's opined limits were not persuasive because there was "no objective evidence of record cited" to support them. (*Id.*) Substantial evidence supports that supportability determination. LISW Cornett identified social interaction, concentration and persistence, and adaptation limits but she did not cite examination findings, diagnostic testing, or other objective evidence to substantiate them. (*Id*. at 346–48.) "But for an opinion to meet the supportability standard, it must be rooted in documented findings, and in particular findings documented by the medical provider who offers the opinion at issue." *Terry A. C. v. Comm'r of Soc. Sec.*, No. 2:21-CV-5535, 2022 WL 2586479, at *5 (S.D. Ohio July 8, 2022). LISW Cornett's opinion lacked such documented findings.

Moreover, a medical opinion set forth on a check-box form is "weak evidence at best." *See Hernandez v. Comm'r. of Soc. Sec.*, 644 F. App'x 468, 475 (6th Cir. 2016) (citation omitted). Courts in the district routinely find that in the absence of explanatory support or reference to objective findings, such conclusory forms lack supportability. *See, e.g.*, *Zachariah G. v. Comm'r of Soc. Sec.*, No. 2:21-cv-1600, 2022 WL 883769, at *9 (S.D. Ohio March 25, 2022), *report and recommendation adopted*, 2022 WL 2339444 (S.D. Ohio June 29, 2022) ("[B]ecause the statement was in the form of a checklist, without any additional comments or annotation, it lacked any supporting explanations or citations to relevant medical evidence, which are central to the supportability factor."); *Laney v. Comm'r of Soc. Sec.*, No. 5:21-cv-01290, 2022 WL 2176539, at *6 (N.D. Ohio June 16, 2022) ("Courts throughout the Sixth Circuit have concluded that check-box opinions are unsupported and a reason to discount a medical opinion.") (citing cases). Indeed, they are so lacking, they can be discounted even where an ALJ has not expressly stated that they are unpersuasive because they are check-boxes. *Laney*, 2022 WL 2176539, at *6

n. 2 (citing *Marks v. Comm'r of Soc. Sec.*, No. 1:16-cv-02848, 2018 WL 1801609, at *8 (N.D. Ohio Jan. 12, 2018)).

Substantial evidence also supports the ALJ's consistency determination. The ALJ explained that LISW Cornett's opinions were unpersuasive because "the record was by and large unremarkable." (R. at 22.) Elsewhere in the determination, the ALJ discussed evidence supporting that conclusion. At an appointment with another provider in July 2024, Plaintiff was reportedly "a little anxious" because of an upcoming driving test, but her medications were working well and her symptoms were manageable. (*Id*. at 20 (citing R. at 319–20).) Similarly, during an appointment with another provider in January 2025, Plaintiff was reportedly doing well, had spikes in anxiety that she could push through, and was happy with her current medications. (*Id*. at 21 (citing R. at 300).) The ALJ also noted that Plaintiff's mental status examination that day was "completely unremarkable with normal behavior, normal mood, normal speech, goal directed thought processes, intact cognitions, and good insight and judgment . . . ." (*Id*.) Indeed, all the mental status examinations in the record done by other examiners were generally normal. (*Id*. at 285, 288–89, 292, 310–11, 321.)

Plaintiff nevertheless contends that other evidence supports and is consistent with LISW Cornett's opinions. (Pl.'s State of Errors 11, ECF No. 8.) But when substantial evidence supports an ALJ's determination, it will not be disturbed even if other evidence could support a different conclusion. *Emard*, 953 F.3d at 849.

Plaintiff also contends, for the first time in her Reply, that the ALJ's discussion of supportability and consistency was too cursory. (Pl.'s Reply 3, ECF No. 10.) It is well established that by failing to make this argument initially, Plaintiff has waived it. *See, e.g., Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

Even if the argument were not waived, it would not warrant reversal. Although an ALJ must adequately explain the supportability and consistency factors, no "specific level of detail" is required, and "the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Timothy B. v. Comm'r of Soc. Sec.,* No. 2:22-cv-03834, 2023 WL 3764304, at * 7 (S.D. Ohio June 1, 2023) (internal quotations and citations omitted). Here, the ALJ's explanation, though brief, provided a sufficient logical bridge between the evidence and the conclusion. The ALJ clearly cited LISW Cornett's failure to cite supporting evidence in her opinion and explained that the opinion was inconsistent with the generally unremarkable record. Given the limited number of treatment records, which the ALJ had already discussed earlier, that explanation was sufficient in this instance.

In short, substantial evidence supports that ALJ's determination that LISW Cornett's opinion was insufficiently supported and inconsistent with the broader record. Plaintiff's contention of error, therefore, lacks merit.

## V. RECOMMENDED DISPOSITION

Accordingly, for all the reasons contained herein, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE