**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EVA B.,**

**Plaintiff,** :

**v.**

**COMMISSIONER OF SOCIAL SECURITY,** :

**Defendant.**

**Case No. 2:26-cv-396**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

Plaintiff brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying her application for supplemental security income. (ECF No. 6.) Plaintiff filed her Statement of Errors on July 14, 2026. (ECF No. 8.) The Commissioner filed a Memorandum in Opposition (ECF No. 9), and Plaintiff replied (ECF No. 10).

On September 14, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R"), which recommended that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. (ECF No. 11.) Plaintiff timely objected (ECF No. 12), and the Commissioner responded (ECF No. 13).

## I. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

## II. ANALYSIS

As relevant to Plaintiff's Objection, the ALJ determined that the opinions of Plaintiff's treating mental health counselor (Lindsey Cornett, LISW)—which were expressed on a "check-box form" as a "medical source statement"—were not persuasive because there was "no objective evidence of record cited" to support them. (R&R, PAGEID # 403 (citing R. at 22).) The Magistrate Judge concluded that this supportability determination by the ALJ was grounded in substantial evidence. (*Id.*) Plaintiff now objects that the ALJ failed to properly address the supportability factor by not considering other support that Ms. Cornett provided for her opinions, including treatment notes that documented, *inter alia*, anxious moods and cognitive distortions. (ECF No. 12, PAGEID ## 408–09.)

The Court has carefully reviewed *de novo* the record and concludes that the decision of the Commissioner is supported by substantial evidence and was made pursuant to proper legal standards.

Moreover, Plaintiff challenged the ALJ's consideration of the supportability of Ms. Cornett's opinions in her Statement of Errors. (*See* ECF No. 8, PAGEID ## 378, 381–82.) The Magistrate Judge considered and correctly addressed that exact issue in the R&R. (*See* R&R, PAGEID ## 403–04.) Plaintiff's Objection, then, merely reiterates the arguments she made to the Magistrate Judge. The Court agrees with the R&R's reasoning and conclusions,[1] so Plaintiff's Objection, which amounts simply to a disagreement with the result, is unavailing.

## III. CONCLUSION

Accordingly, the Court **OVERRULES** Plaintiff's Objection (ECF No. 12), **ADOPTS** the Magistrate Judge's R&R (ECF No. 11), and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Magistrate Judge properly observed that Ms. Cornett failed to "cite examination findings, diagnostic testing, or other objective evidence" to support her opinions in her medical source statement. (R&R, PAGEID # 403.) Insofar as Plaintiff points to other evidence from Ms. Cornett that the ALJ should have considered, the Magistrate Judge correctly noted that "when substantial evidence supports an ALJ's determination, it will not be disturbed even if other evidence could support a different conclusion." (*Id.*, PAGEID # 404 (citation omitted).) These points support the Magistrate Judge's substantial evidence finding.